UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                          CASE NO. 6:18-cr-00154-GAP-KRS

NAURAS SABRI ALAMERI

## GOVERNMENT'S MOTION OPPOSING
## THE DEFENDANT'S MOTION TO DISMISS

The United States of America, by Maria Chapa Lopez, United States
Attorney for the Middle District of Florida, hereby respectfully requests the
Court deny the defendant's Motion to Dismiss (Doc. 24).

## STATEMENT OF FACTS

The United States concurs with the Statement of Facts and Procedural
History as set forth by defense counsel's motion. Doc. 24, pp. 1-3. On
September 11, 2008, the defendant, NAURAS SABRI ALAMERI, pled guilty
to mail theft, a gross misdemeanor punishable by up to three years'
imprisonment under Minn. Stat. § 609.529.2(6). On October 13, 2010, a
Minnesota district court entered an order discharging the defendant from
probation. *See Order of Discharge*, attached to Doc. 24 as Exhibit 2. The
Order of Discharge states "[I]t is ordered that Nauras Sabri Alameri is hereby
discharged from probation, restored to all civil rights and to full citizenship

with full right to vote and hold office the same as if said conviction had not taken place." *Id*. The Order of Discharge then states "[T]his restoration of civil rights does not relieve you from any disabilities or criminal penalties described in the laws of Minnesota, any other state, or the United States regarding the ownership, use, shipment, transportation, possession, or receipt of firearms." *Id*.

## ISSUE PRESENTED

The sufficiency of the indictment hinges on one essential question. Were the defendant's federal firearms rights restored by the Order of Discharge?

## MEMORANDUM OF LAW

The United States concurs with the Standard of Review as set forth by defense counsel's motion. Doc. 24, pp. 1-3.

Title 18, U.S.C. section 922(g)(1) criminalizes possession of a firearm by a person convicted of a crime punishable by more than one year imprisonment. Title 18, U.S.C. section 921(a)(20) provides an exception to the federal prohibition in 18 U.S.C. § 922(g)(1). In pertinent part, 18 U.S.C. § 921(a)(20) states "[A]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, *unless such pardon,*

*expungement, or restoration of civil rights expressly provides that the person may not*

*ship, transport, possess, or receive firearms* [emphasis added]."

The Supreme Court has referred to the final sentence of section 921(a)(20) as the "unless clause." *Caron v. U.S.*, 524 U.S. 308, 309 (1998). In *Caron*, the Supreme Court analyzed the application of the "unless clause" in the case of a defendant whose civil rights had been restored by the state of Massachusetts. *Id.* at 311. Massachusetts law restores convicts' civil rights by operation of law. *Id.* at 313. Massachusetts law specifies that once civil rights are restored, the convicts are allowed to possess rifles and shotguns but not handguns. *Id.* The Supreme Court concluded that, based on Congressional intent, even a partial state weapons limitation triggers the "unless cause" and allows for the application of federal gun laws.

> In sum, Massachusetts treats petitioner as too dangerous to trust with handguns, though it accords this right to law-abiding citizens. Federal law uses this state finding of dangerousness in forbidding petitioner to have any guns.

*Id.* at 316-17.

The Eleventh Circuit has analyzed the same "unless clause," citing the Supreme Court's precedent set in *Caron*. *See U.S. v. Fowler*, 198 F.3d 808 (11th Cir. 1999). In *Fowler*, the defendant was charged as a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). 198 F.3d at 809. The defendant had a previous conviction for manslaughter. *Id.* Prior to his

indictment on the federal gun charge, the defendant received a "Certificate Granting Restoration of Civil and Political Rights" from the State Board of Pardons and Paroles of Alabama. *Id.* The Eleventh Circuit held that the defendant was not subject to either state or federal firearms disabilities, because he had previously received the certificate restoring his civil rights. *Id.* The Eleventh Circuit went on to discuss *Fowler*'s interplay with *Caron*.

> Fowler was granted a certificate restoring his civil and political rights without any reservations or prohibitions limiting his right to ship, transport, possess, or receive firearms. In this case he cannot be convicted under § 922(g)(1) for possessing a firearm based on his 1972 second degree burglary conviction because the state restored to him all civil and political rights and the certificate was not expressly limited in the manner contemplated and provided by Congress.

*U.S. v. Fowler*, 198 F.3d at 810.

The Eleventh Circuit dismissed the charge against Fowler because there was no express limitation on firearms rights in the certificate restoring his civil rights. *Id.*

## APPLICATION

In ALAMERI's case, the language limiting all firearms rights in the Order of Discharge follows that which the Eleventh Circuit contemplated in *Fowler*. *See generally id.* The language in the Order of Discharge is clear.

> This restoration of civil rights does not relieve you from any disabilities or criminal penalties described in the laws of Minnesota, any other state, or the United States regarding the ownership, use, shipment, transportation, possession, or receipt of firearms.

*Order of Discharge*, attached to Doc. 24 as Exhibit 2.

The Order of Discharge specifically disclaimed firearms rights from the restoration of the defendant's civil rights. If such a specific disclaimer were not present in the Order of Discharge, the Government would agree with defense counsel that the defendant is not subject to prosecution under 18 U.S.C. § 922(g)(1). However, the presence of that disclaimer triggers the "unless clause," preventing the defendant from benefitting from the 18 U.S.C. § 921(a)(20) exception. The Order of Discharge provided express notice to the defendant that the firearms laws of both Minnesota and the United States still applied to him.

The defense argues that the language in the Order of Discharge does not expressly prohibit the defendant from the shipment, transport, possession, or receipt of firearms under 18 U.S.C. 921(a)(20), citing to *United States v. Glaser,* 14 F.3d 1213, 1215 (7th Cir. 1994). Doc. 24, p. 8. In *Glaser*, the certificate granted to the defendant read as follows.

> This is to certify that Richard Raymond Glaser, who was on the 20th day of May, 1983, sentenced to the Commissioner of Corrections by the District Court of Washington;

> Washington County, has completed such sentence and is hereby
> discharged this 17ᵗʰ day of June, 1986; and that pursuant
> to Minnesota Statutes, Section 609.165 the said Richard
> Raymond Glaser is hereby restored to all civil rights and to full
> citizenship, with full right to vote and hold public office, the same
> as if such conviction had not taken place.
> *NOTE: Be advised that this certificate does not relieve you of the
> disabilities imposed by the Federal Gun Control Act.

*Glaser*, 14 F.3d 1213 at 1215.

In 1994, the Seventh Circuit took issue with the language of the certificate in which the state of Minnesota restored civil rights to defendants in the 1980's. First, the Eleventh Circuit noted that there is no such thing as "the Federal Gun Control Act." *Id.* They also noted that many other federal laws affect the possession, sale, and use of firearms, and that the certificate did not distinguish among them. *Id.* After rehashing several other circuits' opinions on this particular issue, the Seventh Circuit stated that the language on the certificate (written above) did not constitute "an 'express' warning that the person may not ship, transport, possess, or receive firearms." *Id.* at 1217.

The decision in *Glaser* set a minimum standard for the notice required in Minnesota's certificates restoring civil rights. *See id.* The Seventh Circuit wrote that, in order for federal gun statutes to apply to an individual whose civil rights had been restored, the certificate of restoration must contain an

express warning that the person may not ship, transport, possess or receive firearms. *Id*. The Order of Discharge provided to ALAMERI contains exactly those words. *Order of Discharge*, attached to Doc. 24 as Exhibit 2.

A comparison of the language of the certificate in *Glaser* and the language of ALAMERI's Order of Discharge shows that the state of Minnesota now provides express notice of firearms restrictions to convicted persons whose civil rights are restored. This express notice triggers the "unless clause" found in 18 U.S.C. § 921(a)(20) The Eleventh Circuit's decision in *Fowler* illustrates the binding precedent on this Court. 198 F.3d at 808.

## CONCLUSION

The Court should deny the defendant's motion to dismiss because the defendant's Order of Discharge provided express notice that he remained subject to state and federal laws prohibiting the ownership, use, shipment, transportation, possession, or receipt of firearms. Such express notice triggers the "unless clause" contained in 18 U.S.C. § 921(a)(20). Therefore, the defendant does not fall under the exception described in 18 U.S.C. §

921(a)(20). As such, the allegations in the indictment are sufficient and allege

a violation of federal law.

.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney


By:   */s/ Brandon Bayliss*
Brandon Bayliss
Special Assistant U.S. Attorney
USAO No. 186
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:  (407) 648-7500
Facsimile:   (407) 648-7643
E-mail:Brandon.bayliss@usdoj.gov

**U.S. v. NAURAS SABRI ALAMERI   Case No. 6:18-cr-00154-GAP-KRS**

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2018, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system which

will send a notice of electronic filing to the following:

Victor Martinez, Esq.

*/s/ Brandon Bayliss*
Brandon Bayliss
Special Assistant U.S. Attorney
USAO No. 186
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail:Brandon.bayliss@usdoj.gov